Piscitelli v Deloitte Servs., LLP (2025 NY Slip Op 07232)

Piscitelli v Deloitte Servs., LLP

2025 NY Slip Op 07232

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 159272/20|Appeal No. 5451|Case No. 2025-00498|

[*1]Bobbi Piscitelli, Plaintiff-Respondent,
v
Deloitte Services, LLP, Defendant-Appellant, Deloitte Touche Tohmatsu Services, Inc., et al., Defendants.

Epstein Becker & Green, P.C., New York (David W. Garland of counsel), for appellant.
Law Office of Niall MacgiollabhuÍ, New York (Niall MacgiollabhuÍ of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered December 23, 2024, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing plaintiff's causes of action asserting "pregnancy/disability" discrimination under the New York State Human Rights Law (State HRL) (the third cause of action) and New York City Human Rights Law (City HRL) (the fourth cause of action) and held that defendant failed to demonstrate entitlement to dismissal of the causes of action related to paid family leave (the eighth and ninth causes of action), unanimously modified, on the law, to dismiss the third and fourth causes of action to the extent that they allege discrimination on the basis of disability and failure to provide reasonable accommodations based on disability, and otherwise affirmed, without costs.
Supreme Court should have dismissed the third and fourth causes of action to the extent they assert that plaintiff was discriminated against because of a disability or was denied reasonable accommodations on that basis (see Executive Law §§ 292[21], 296[1][a], [2][c][i]; Administrative Code of City of NY § 8-107[1][a][3], [22][a]). As plaintiff states on appeal that she is not claiming pregnancy "in the context of a disability claim" at all, there are no grounds to support a claim that she was denied a reasonable accommodation for a disability (see Pimentel v Citibank, N.A., 29 AD3d 141, 145-147 [1st Dept 2006], lv denied 7 NY3d 707 [2006]; Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1217-1218 [3d Dept 2017]).
The parties agree that the eighth and ninth causes of action were discontinued "with prejudice" by March 2021 stipulation and by all parties in the case, thus rendering unnecessary any substantive argument from defendant regarding these claims on its motion for summary judgment (CPLR 3217[a][2]; GCS Second Ave. Owner, LLC v Cohn, 235 AD3d 554, 555 [1st Dept 2025]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025